UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 2:13-CR-92 |
| | ) |
| CONNIE GENTRY STOUT MCCALL | ) |
| and RONNIE LEE MCCALL | ) |

PRETRIAL ORDER

In this action, a pretrial conference pursuant to Rule 12.1, Federal Rules of Criminal Procedure, and a motion hearing were scheduled for August 22, 2014. No motions having been filed, by agreement the pretrial conference and motion hearings are **CANCELED**. However, this order is entered as a guide to counsel with regard to the trial and/or sentencing procedures.

1. Trial procedures to be followed in this case are as follows:

(a) The Clerk may provide counsel with a jury list containing names and personal information concerning prospective petit jurors (hereafter "the jury list"). Counsel and any other person provided with the jury list may not share the jury list or information therein except as necessary for purposes of jury selection. Following jury selection, counsel and any other person provided the jury list must return to the clerk the jury list and any copies made from the jury list or destroy them.

The Court will conduct a preliminary voir dire examination of the jury, and

then counsel will be permitted to conduct voir dire. The Court reserves the right to interrupt counsel and conduct voir dire on its own if counsel asks improper questions, or if the proceedings are unnecessarily prolonged.

      (b) Under Rule 24(b), Federal Rules of Criminal Procedure, the defendant is entitled to ten (10) peremptory challenges and the Government is entitled to six (6).

      (c) Legal issues that counsel have foreseen are: none.

      (d) Evidentiary problems that counsel have foreseen are: none.

      (e) If counsel have any special requests for instructions to the jury, the same should be filed as directed by the Court in its prior order.

      (f) The defendant's counsel will be permitted to make an opening statement to the jury prior to the commencement of the Government's proof.

      (g) No motions may be filed in this cause of action by either side without the prior leave of the Court to do so, the motion cutoff date having passed.

      (h) Counsel should meet in advance of trial and carefully review trial exhibits with a view toward stipulating the admissibility of as many exhibits as possible.

      (I) The Court will conduct a charge conference. On the morning of trial, the Court will furnish counsel with a draft of the proposed charge. Then, a charge conference will be conducted by the Court at the conclusion of all of the proof and before the arguments. Any objections, requests, etc., relative to the charge should be presented at this time. Any request for an additional charge or a different charge should be in writing, if possible. Of

course, these rules do not in any way modify the requirement that special requests to instruct be filed prior to trial as previously instructed by the Court.

        (j) If there is a conviction in this matter, a pre-sentence report will be prepared. All parties shall proceed in accordance with Local Rule 83.9. Objections to a presentence report shall NOT be filed with the Clerk. Ten (10) days after an objection is filed by the government or by a defendant, the objecting party must provide a copy of same to the United States Probation Office and opposing party. If an evidentiary hearing will be necessary to resolve any objection or any response thereto, this must be indicated in the objection or the response. A statement of no objections to the presentence report must be before the Court no later than five (5) working days prior to the sentencing date.

    2. The digital evidence presentation system both facilitates and expedites hearings and trials; the attorneys shall familiarize themselves with this courtroom technology and make full use of it. It is the responsibility of the parties and their attorneys to ensure that any electronic, digital, audio, or video material is compatible with the Court's equipment and that such compatibility has been confirmed well in advance of hearing or trial. Any failure to do so will not be considered sufficient reason for delay or postponement of the hearing or trial. Further, it shall be the responsibility of any party wishing to present such evidence to bring with him or her all equipment necessary, including cables, to be attached to the courtroom Digital Evidence Presentation System.

    3. This action is hereby assigned for trial with a jury before the Honorable J. Ronnie

Greer to commence at 9:00 a.m. on September 23, 2014.

If counsel have any objections to this Pretrial Order, such objections shall be taken up pursuant to 28 U.S.C. § 636(b)(1)(A).

SO ORDERED:

s/ Dennis H. Inman<br>
United States Magistrate Judge