UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 2:13-cr-92 |
| | ) |
| RONNIE LEE MCCALL | ) |

UNITED STATES SENTENCING MEMORANDUM

The United States of America, by and through the United States Attorney for the Eastern District of Tennessee, submits its sentencing memorandum. The defendant was convicted by a jury of all four counts in the indictment. The probation officer calculated a Total Offense Level of 43 in Criminal History Category II, arriving at an advisory guideline range of lifetime imprisonment, which is the statutory maximum term of imprisonment for Counts One and Four. The mandatory minimum term of imprisonment for Count One is thirty years; for Count Two is fifteen years; for Count Three is fifteen years, and for Count Four is ten years.

<u>The defendant's offense conduct.</u>

The court is fully aware of the defendant's offense conduct through the testimony and exhibits at the defendant's trial and the well-written and thorough pre-sentence investigative report. Words are largely inadequate to describe the nature of the defendant's conduct.

<u>The United States Sentencing Recommendation</u>

18 U.S.C. § 3553(a) provides that "the court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of the subsection." Those purposes include the nature and circumstances of the offense; the history and

1

characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence (general and specific) to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant needed training, care, or other correctional treatment in the most effective manner; the kinds of sentences available; the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense.

The position of the United States is that, absent unusual circumstances, the sentence in a criminal case should fall within the sentencing guideline ranges as determined by the Court. The Sentencing Guidelines carry out express national policy articulated by Congress that sentences should be uniform across the country to the greatest extent possible and should be based on the offender's actual conduct and history. A sentence within a properly determined advisory sentencing guidelines range is entitled to a presumption of reasonableness on appellate review. *Rita v. United States*, 551 U.S. 338, 347-48 (2007). *See also United States v. Williams,* 436 F.3d 706, 707 (6th Cir. 2006). Thus, where a sentencing judge selects a sentence within the advisory guidelines range, "the presumption reflects the fact that …*both* the sentencing judge and the Sentencing Commission will have reached the *same* conclusion as to the proper sentence in the particular case. That double determination significantly increases the likelihood that the sentence is a reasonable." *Rita*, at 374 (emphasis in original).

The Nature and Circumstances of the Offense

The nature and circumstances of the instant offense are not in dispute. The defendant and his wife engaged in a two-year pattern of sexually victimizing their three daughters, all of whom were minors.

### Defendant's History and Characteristics

Due to the very personal nature of the defendant's history and characteristics, the United States will rely on the rendition of McCall's history and characteristics set forth in the extensive and well-written presentence report.

### Need for the Sentence to Reflect the Seriousness of the Offense, Promote Respect for the Law, and Provide Just Punishment

This offense is the most serious offense that undersigned counsel has prosecuted during her thirty years of federal service. Words cannot adequately describe the seriousness of the offense. Accordingly, the Court should weigh all of the factors and fashion a sentence for this defendant which reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for this offense.

### The Need to Protect the Public From Further Crimes of the Defendant

The defendant's complete unwillingness to accept responsibility for his conduct and decisions and his history of neglect and abuse of children demonstrate a great need to protect the public from further crimes of the defendant.

### The Need To Provide Restitution To Victims

This is not a relevant factor.

### Conclusion

After considering all of the relevant factors set forth in 18 U.S.C. § 3553(a) as they apply specifically to Ronnie Lee McCall, the United States recommends that the Court impose a lifetime sentence of imprisonment. The United States respectfully submits that this sentence is sufficient, but not greater than necessary to comply with the statutory purposes of sentencing as set forth in 18 U.S.C. § 3553(a).

RESPECTFULLY SUBMITTED

NANCY STALLARD HARR
Acting United States Attorney

By: *s/ Helen C.T. Smith*
Helen C.T. Smith
Assistant U.S. Attorney


*s/ Corey L. Shipley*
Special Assistant U.S. Attorney

220 W. Depot St., Suite 423
Greeneville, Tennessee 37743
TBPR No. 10639
423-823-5020


Certificate of Electronic Filing and Service

I certify that I electronically filed the foregoing memorandum on May 24, 2016 and parties will receive an electronic copy of the memorandum via the Court's ECF system.

*s/ Helen C.T. Smith*
Helen C.T. Smith

4